# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CASE NO:

SUMMER PARKER,
    Plaintiff,

v.

GEORGE S. TELLAM D.P.M. d/b/a
ANKLE & FOOT ASSOCIATES,
    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR A JURY TRIAL

Plaintiff, SUMMER PARKER ("Plaintiff"), pursuant to 29 U.S.C. § 216(b), files her Complaint for Damages and Demand for Jury Trial against Defendant, GEORGE S. TELLAM D.P.M. d/b/a ANKLE & FOOT ASSOCIATES ("AFA" or "Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action arising under the Fair Labor Standards Act ("FLSA"), pursuant to 29 U.S.C. §§ 201–216, to recover all unpaid overtime wages for Defendant's failure to properly compensate Plaintiff for time in which she worked over forty (40) hours per week during the course of her employment with Defendant.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Bradford County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, AFA, was a Florida medical office owned and operated by Dr. George Tellam D.P.M., located and transacting business within Clay County, Florida, within the jurisdiction of this Honorable Court. AFA operates its principal location at 981 Kingsley Avenue, in Orange Park, Florida 32073.

4. During all times material hereto, Defendant was a resident of the Middle District of Florida and was the owner and operator of the corporate Defendant within Clay County, Florida.

5. During all times material hereto, Defendant was over the age of 18 years and was vested with ultimate control and decision-making authority over the hiring, firing, and pay practices for Defendant, AFA, during the relevant time period.

6. Defendant, AFA, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

7. All acts and omissions giving rise to this dispute took place within Clay County, Florida.

8. Defendant, AFA, is headquartered and regularly transacts business in Clay County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

9. Venue is proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

# GENERAL ALLEGATIONS

10. Defendant, AFA, operates a medical facility that has existed in Clay County, Florida, since 1986.

11. According to its own website, Defendant holds itself out to the community as follows:

> Dr. George S. Tellam has provided foot and ankle care in North Florida and South Georgia since 1986…The professionals at Ankle & Foot Associates are exactly who you need in your corner when you have a condition that is causing you pain or interfering with your daily life and normal activities. We offer boutique-style foot and ankle care with excellence and compassion. Our podiatric team is highly skilled and experienced in treating a wide variety of foot and ankle ailments from heel pain, bunions, hammertoes, and ingrown toenails, to fractures, chronic ankle instability and sprains, ankle replacements and much more.

*See* https://www.jaxfeet.com/ (last visited November 12, 2023).

12. Defendant, AFA, advertises itself to the Florida community as a provider of healthcare services specializing in restorative and surgical care of the foot and ankle. *See id.*

13. Defendant, AFA, employs individuals to provide treatment options for patients in need of foot and ankle care.

14. Some of the services offered by Defendant, through its employees, are regenerative medicine, stem cell recruitment therapy, digital x-ray systems, sophisticated and precise advanced orthotic treatment, diagnostic ultrasound, EPAT (extracorporeal pulse activation technology) treatments, ACP (platelet rich plasma)

injections, healthcare services, as well as a host of traditional pain relief treatments and surgical options for injured individuals or individuals in pain.

15. These activities constitute healthcare services under the Fair Labor Standards Act ("FLSA").

## FLSA COVERAGE

16. Defendant is covered under the FLSA through enterprise coverage, as AFA was engaged in interstate commerce during all times in which Plaintiff was employed. More specifically, AFA was engaged in operating an institution that provided healthcare services and care for individuals injured and in pain, including, but not limited to: regenerative medicine, stem cell recruitment therapy, digital x-ray systems, sophisticated and precise advanced orthotic treatment, diagnostic ultrasound, EPAT (extracorporeal pulse activation technology) treatments, and ACP (platelet rich plasma) injections. Accordingly, Defendant, AFA, was engaged in interstate commerce pursuant to 29 U.S.C. § 203(s)(1)(B).

17. Defendant's business and Plaintiff's work for Defendant affected interstate commerce as the materials and goods that Plaintiff used in her employment, on a constant and/or continuous basis, moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

18. During her employment with Defendant, Plaintiff handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: office supplies and equipment, computers, cleaning

supplies and equipment, food items, linen materials, trash bags, hygiene products, and mobility equipment.

19. Defendant regularly employed two (2) or more employees during the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or who used the instrumentalities of interstate commerce, or who used the United States mail service, thus making Defendant's business an enterprise covered by the FLSA.

20. During all times pertinent hereto, Plaintiff regularly and recurrently was engaged in her use of the United States mail service to send and receive Defendant's mail across state lines for the benefit of Defendant's business. Plaintiff also used the United States mail service to regularly send and receive invoices and payment for such invoices across state lines for the benefit of Defendant's business.

21. Upon information and belief, Defendant, AFA, grossed or did business in excess of $500,000.00 during the years of 2020, 2021, and 2022, and is expected to do business in excess of $500,000.00 in 2023.

22. During her employment with Defendant, Plaintiff: (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendant; and (iv) was not required to possess any advanced or prolonged education in order to perform any of her primary duties and responsibilities.

23. Defendant was vested with the authority to hire, and in fact, did hire Plaintiff to work for AFA.

**PLAINTIFF'S WORK FOR DEFENDANT**

24. Plaintiff worked for Defendant from in or around September of 2021 through on or around June 16, 2023.

25. During all times material hereto, Plaintiff was a non-exempt, hourly employee of Defendant within the meaning of the FLSA.

26. Plaintiff was hired as a non-exempt hourly-paid office receptionist. Her job duties included, but were not limited to: answering phones, verifying patient insurance, calling referrals, and checking in patients.

27. Plaintiff's regularly hourly rate during the relevant time period was between $17.50 per hour to $19.00 per hour.

28. During all times material hereto, Defendant scheduled Plaintiff to work from 7:30 a.m. to 5:00 p.m., from Monday through Friday, for a total of approximately 47.5 hours per week.

29. However, during all times material hereto, Defendant automatically deducted a half hour from Plaintiff each day of work for a meal period, even though Plaintiff was not completely relieved of her duties for the purported meal period.

30. During all times material hereto, Defendant was aware, or constructively aware, that Plaintiff was not completely relieved of her duties for the purpose of having a meal period during the half-hour that Defendant automatically deducted from Plaintiff.

31. During this time period in which Plaintiff worked for Defendant, Dr. George Tellam (hereinafter "Dr. Tellam") was President of Defendant, AFA, and

controlled Plaintiff's work schedule, the company's payroll practices, and was vested with ultimate hiring and firing decisions for Defendant, AFA.

32. After hiring Plaintiff as a non-exempt employee, Dr. Tellam regularly supervised Plaintiff while she was performing work for Defendant, AFA.

33. Throughout the course of Plaintiff's employment, Dr. Tellam, on behalf of Defendant, maintained control over the way in which Plaintiff offered her services and performed her job duties. Additionally, Dr. Tellam, on behalf of Defendant, provided work instruction to Plaintiff.

34. Defendant paid Plaintiff at a rate of $17.50 per hour to $19.00 per hour for all hours that Plaintiff worked during this time period.

35. Defendant, AFA, failed to compensate Plaintiff at a rate of 1.5 times her regular hourly rate, for any hours Plaintiff worked over forty (40), as required under the FLSA.

36. Defendant instead paid Plaintiff straight time for all hours worked in a given workweek, which constitutes an express violation of the FLSA.

37. Furthermore, during all times material hereto, Defendant's records were inaccurate because they did not show nor reflect the fact that Plaintiff was not completely relieved of her job duties during her unpaid meal period.

38. Dr. Tellam was the owner and President of Defendant, AFA, during all times material hereto, and had final decision-making authority for Defendant on issues of employment, termination, and payroll practices.

39. Defendant scheduled Plaintiff to work in excess of forty (40) hours per week, knew that Plaintiff was working in excess of forty (40) hours per week, refused to pay Plaintiff the proper overtime rate of one-and-a-half times the regular hourly rate, took some of the hours Plaintiff worked off of her time records and claimed that she did not work those hours, incorrectly misled Plaintiff about overtime requirements, and approved the unlawful treatment of Plaintiff during all material times of Plaintiff's employment.

40. Defendant was either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally misled* Plaintiff so that Defendant could avoid having to pay Plaintiff her lawful and hard-earned wages.

41. As a direct result of Defendant's intentional and/or willful violations of the FLSA, Plaintiff has suffered a significant amount of damages and has had to retain the services of the undersigned counsel to exercise her rights. Plaintiff is therefore entitled to full recovery of her reasonable attorney's fees and costs incurred.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207**

42. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 41, as though set forth fully herein.

43. During all times pertinent to Plaintiff's employment, Defendant, AFA, treated Plaintiff as a non-exempt, hourly employee under the FLSA, and was on notice of the hours actually worked by Plaintiff.

44. Plaintiff was required to report directly to Dr. Tellam, who, as the owner of the company, ran the day-to-day operations of Defendant, AFA, and made the day-

to-day business decisions for Defendant including hiring, firing, payroll, and scheduling decisions.

45. Plaintiff was also regularly assigned tasks by Dr. Tellam, demonstrating that Defendant maintained control and supervision over Plaintiff's day-to-day activities.

46. Defendant was therefore Plaintiff's employer during all times material hereto and is liable under the FLSA for the wage violations committed.

47. During one or more workweeks of her employment with Defendant, Plaintiff worked an average of *at least* forty-seven and a half (47.5) hours per week, but Defendant failed to compensate Plaintiff the appropriate wages that she was owed at time-and-a-half her regular hourly rate for hours she worked in excess of forty (40) each week.

48. During the relevant time period, Plaintiff was paid straight time of her regular hourly rate per hour for any hours over forty (40) she worked each week.

49. Accordingly, Plaintiff is entitled to recover a half-time rate for every hour she worked over forty (40) per week, at a rate of half her regular hourly rate for that time period.

50. During all times material hereto, Plaintiff worked an average of *at least* forty-seven and a half (47.5) hours per week and is therefore entitled to recover overtime wages for *at least* seven and a half (7.5) hours per week over the span of her employment with Defendant.

51. Defendant knew, or should have known, the number of hours Plaintiff was working per week and Defendant's failure to pay amounts owed to Plaintiff pursuant to the FLSA was willful and intentional.

52. Defendant knew, or should have known, of the overtime requirements of the FLSA and either intentionally avoided or recklessly failed to investigate proper payroll practices under the FLSA.

53. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

54. Defendant's willful and/or intentional violations of federal wage law entitled Plaintiff to an additional amount of liquidated, or double damages.

55. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SUMMER PARKER, respectfully requests that this Honorable Court enter judgment in her favor against Defendant, GEORGE S. TELLAM D.P.M. d/b/a ANKLE & FOOT ASSOCIATES, and award Plaintiff: (a) unliquidated damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) reasonable attorney's fees and costs to be paid by Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, SUMMER PARKER, hereby requests and demands a trial by jury on all appropriate claims.

**Dated: November 12, 2023**

        Respectfully Submitted,

        **USA EMPLOYMENT LAWYERS –
JORDAN RICHARDS PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
(954) 871-0050
*Counsel for Plaintiff*

        By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 64005
jordan@jordanrichardspllc.com
michael@usaemploymentlawyers.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 12th day of November, 2023.

        By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: